*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAVELL CYRUS,

Plaintiff-Appellee,

v

DEVIN LAUER and WILLIE RAINES,

Defendants,

and

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
April 27, 2023

No. 359942
Wayne Circuit Court
LC No. 20-006553-NI

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Plaintiff's grandfather rented a vehicle that plaintiff was driving when she was involved in a collision on July 11, 2019. Allstate Insurance Company denied plaintiff's claim for personal-injury-protection benefits, and the trial court denied Allstate's motion for summary disposition after the insurer argued that plaintiff was not entitled to those benefits because she had unlawfully taken the vehicle. We reverse.

Plaintiff testified during her deposition that she was with her grandfather when he rented the vehicle, but she was unsure of the rental process even though she confirmed that she was not added as a driver on the rental agreement. She also testified that her grandfather asked her to drive the vehicle, which she willingly accepted. After the collision, the rental company informed plaintiff's grandfather that plaintiff's operation of the vehicle was unauthorized under the rental agreement because authorized drivers needed to present a valid driver's license. Plaintiff's certified driving record indicated that she pleaded guilty on May 29, 2019, to driving with a suspended or revoked license, and she did not pay to have her license reinstated until July 12, 2019, one day after the collision.

-1-

Allstate argued that plaintiff was unlawfully driving the vehicle and, therefore, it was entitled to summary disposition. The trial court denied Allstate's motion for summary disposition because Allstate had not demonstrated that plaintiff was knowingly using the vehicle without authority.

Allstate now appeals with leave granted. *Cyrus v Lauer*, unpublished order of the Court of Appeals, entered May 6, 2022 (Docket No. 359842).

Allstate moved for summary disposition under MCR 2.116(C)(10). "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"The no-fault act permits an insurer to avoid coverage of PIP benefits under certain enumerated circumstances, such as those listed in MCL 500.3113." *Ahmed et al v Tokio Marine America Ins Co*, 337 Mich App 1, 9; 972 NW2d 860 (2021) (cleaned up). The collision happened July 11, 2019, after the No-Fault Act, MCL 500.3101 *et seq*, was amended on June 1, 2019, but the language of MCL 500.3113(a) remained the same through the amendment. MCL 500.3113(a) states:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

In this case, there is no genuine issue of material fact that plaintiff willingly agreed to operate the vehicle after being asked to drive it by her grandfather. Further, plaintiff's driving of the vehicle was contrary to the Michigan Vehicle Code because she was driving it without a valid license. See *Ahmed*, 337 Mich App at 20 n 8. Violating the Michigan Vehicle Code constitutes unlawful conduct for purposes of MCL 500.3113(a). See *id*. at 11 n 5. Thus, there is no genuine issue of material fact that plaintiff took the vehicle unlawfully. Lastly, as this Court has explained in *Ahmed*, drivers are required to know their driving status, *id*. at 26-27, and plaintiff certainly knew that she was without a valid license at the time of the collision because she pleaded guilty to driving with a revoked or suspended license a few weeks before the collision. Further, plaintiff did not pay to have her license reinstated until the day after the collision. Thus, plaintiff should have known that she took the vehicle unlawfully because she knew that she did not have a valid

license at the time she was driving the vehicle.

Reversed. This Court does not retain jurisdiction. Allstate, as the prevailing party, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney